■ BSB BANK AND TRUST COMPANY, Plaintiff, v DODGE-MARKHAM COMPANY, INC., et al., Defendants, and JAMES DOCSTER, Defendant and Third-Party Plaintiff-Appellant. JACK DOCSTER, Third-Party Defendant-Respondent. [789 NYS2d 545]—

Crew III, J.P. Appeal from a judgment of the Supreme Court

(Dowd, J.), entered October 16, 2003 in Broome County, which, inter alia, granted third-party defendant's motion for summary judgment on his second and third counterclaim against third-party plaintiff.

Defendant James Docster (hereinafter defendant) is the son of third-party defendant, Jack Docster (hereinafter Docster), both of whom are shareholders of defendant Dodge-Markham Company, Inc. Plaintiff entered into a business manager agreement with Dodge-Markham for which defendant and Docster were coguarantors. In February 2000, plaintiff brought an action against, among others, defendant for fraud in connection with the management agreement, and defendant brought a third-party action against Docster for contribution. Docster asserted two counterclaims in the third-party action seeking to recover money damages for breach of two annuity agreements executed by defendant.* Thereafter, Docster moved for summary judgment on his two counterclaims, which motion was granted by Supreme Court, and defendant now appeals.

Initially, defendant asserts that the annuity agreements contained an implied condition of impossibility that was triggered when Docster terminated defendant's employment at Dodge-Markham. We disagree. Here, the annuity contracts are clear and unambiguous on their face, and Supreme Court properly refused to consider extrinsic evidence of any explicit or implied conditions in regard thereto (*see Matter of Milonas v Public Empl. Relations Bd.*, 225 AD2d 57, 64 [1996], *lv denied* 89 NY2d 811 [1997]).

Additionally, defendant contends that Docster improperly and illegally "skimmed" moneys from Dodge-Markham, which, in turn, constituted corporate waste and deprived defendant of corporate funds with which to satisfy his obligations on the annuity contracts. Again, we disagree. To the extent that there is merit to defendant's contentions, his remedy is by way of a shareholder's derivative action. Moreover, we note that the annuity agreements provided, among other things, that defendant "wishes to acquire the [Dodge-Markham] Stock and is willing to make payments to [Docster] for the remainder of his life, without regard to the income that may be derived from the Stock." We have considered defendant's remaining contentions and find them equally without merit.

---

* In May 1992, defendant executed an annuity agreement that provided for semiannual payments to Docster of $5,809 for his lifetime in exchange for 7½ shares of Dodge-Markham common stock. Thereafter, in December 1992, defendant executed another annuity agreement wherein he agreed to make additional semiannual payments during Docster's life in exchange for 1,200 shares of nonvoting Dodge-Markham common stock.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.